UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT JAMES COOK, } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: 2:16-cv-08158-RDP |
| } | (2:03-cr-00545-RDP-TMP) |
| UNITED STATES OF AMERICA, } | |
| } | |
| Respondent. } | |

## **MEMORANDUM OPINION**

This case is before the court on Petitioner's Motion to Vacate. (Case No. 2:16-cv-08158-RDP ("Habeas Docket"), Doc. # 1). Petitioner's appointed habeas counsel filed a supplemental brief on his behalf. (*Id.*, Doc. # 5). Respondent has responded to the Motion to Vacate and asks the court to deny relief on the merits. (*Id.*, Doc. # 9). And, Petitioner's habeas counsel replied to the Respondent's brief. (Doc. # 10).

Petitioner's motion seeks review of the sentence enhancement applied during Petitioner's March 2005 sentencing, pursuant to the Armed Career Criminal Act ("ACCA"). The Eleventh Circuit has granted Petitioner leave to file a second or successive motion to vacate regarding this enhancement in light of the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The court has carefully reviewed Petitioner's arguments for relief, and concludes that his arguments fail because he has not shown that the court utilized the ACCA's residual clause to enhance his mandatory minimum sentence. Therefore, Petitioner's Motion to Vacate (Habeas Docket, Doc. # 1) is due to be dismissed with prejudice.

I.  **Factual and Procedural Background**

In 2003, a grand jury indicted Petitioner on one charge of being a felon in possession of a firearm, in violation 18 U.S.C. § 922(g)(1). (Case No. 2:03-cr-00545-RDP-TMP ("Criminal Docket"), Doc. # 1). In 2004, a jury convicted Petitioner of the offense. (*Id.*, Doc. # 44).

Petitioner's presentence investigation report ("PSR") discussed eight criminal convictions, three of which are relevant to this motion. (Criminal Docket, Doc. # 56 at ¶¶ 27-34). First, in 1972, Petitioner pled guilty in Alabama state court to assault with intent to murder and assault with intent to ravish. (*Id.* at ¶ 28). The PSR explained that Petitioner assaulted one victim with intent to commit murder and "forcibly ravished" a second victim. (*Id.*). The PSR indicated that both criminal acts occurred on March 6, 1970. (*Id.*). Second, in 1974, Petitioner pled guilty to robbery in Alabama state court. (*Id.* at ¶ 29). The PSR stated that he took money against the victim's will "by violence." (*Id.*). Third, in 1983, Petitioner pled guilty to first degree assault. (*Id.* at ¶ 33). The PSR explained that he had "engaged in sexual intercourse . . . by forcible compulsion" with the victim. (*Id.*).

The PSR classified the 1972, 1974, and 1983 convictions as violent felonies under 18 U.S.C. § 924(e)(2)(B). (*Id.* at ¶¶ 23, 28, 29, 33). It utilized this form language to explain the reasons for classifying these assault and robbery convictions as violent felonies:

> **NOTE: This is a violent felony necessary for application of the enhanced penalties at 18 U.S.C. § 924(e)(1). This conviction meets the criteria for "violent felony" within the meaning of 18 U.S.C. § 924(e)(2)(B) because it is a crime punishable by imprisonment for a term exceeding one year, and it was committed on an occasion different from others, i.e., the offense was separated by a meaningful opportunity to desist activity before committing the other offense; it has, as an element, the use, attempted use, or threatened use of physical force against the person of another; and it otherwise involves conduct that presented a serious potential risk of physical injury to another. See also 4B1.4, comment. (n.1) regarding time periods.**

2

(*Id.* at ¶¶ 28, 29, 33) (emphasis in original). The PSR stated that Petitioner had "three felonies which were committed on occasions different from one another for purposes of 18 U.S.C. § 924(e)(1)." (*Id.* at ¶ 23). Because Petitioner was an armed career criminal under U.S.S.G. § 4B1.4, the PSR increased his offense level from 16 to 33. (*Id.* at ¶¶ 22-23). And, it asserted that Petitioner faced a mandatory minimum sentence of fifteen years' imprisonment under 18 U.S.C. § 924(e)(1). (*Id.* at ¶ 75).

At sentencing, Petitioner's trial counsel challenged another aspect of the PSR's guidelines calculation, but did not object to its armed career criminal enhancement or its recommendation of a fifteen year mandatory minimum sentence. (*See* Criminal Docket, Doc. # 64 at 3-11). The prosecutor submitted certified copies of the four criminal convictions against Petitioner in 1972, 1974, and 1983. (*Id.* at 11-14). Petitioner's trial counsel did not object to their admission. (*Id.* at 14). The court adopted the PSR's factual statements regarding the guidelines calculation and its recommended guidelines range of 188 to 235 months' imprisonment. (*Id.* at 16-17). The court sentenced Petitioner to 200 months' imprisonment. (*Id.* at 25-26).

On direct appeal, Petitioner's appointed counsel moved to withdraw from representing him, pursuant to *Anders v. California*, 386 U.S. 738 (1967). *United States v. Cook*, 175 F. App'x 273, 273 (11th Cir. 2006). The Eleventh Circuit independently reviewed the trial court's record and found no arguable issues of merit. *Id.* at 273-74. Accordingly, in March 2006, the Eleventh Circuit granted counsel's motion to withdraw and affirmed Petitioner's conviction and sentence. *Id.* at 274.

In May 2007, Petitioner filed his initial motion to vacate and challenged the ACCA enhancement. (Case No. 2:07-cv-08015-RDP-TMP, Doc. # 1 at 7-8). In that motion to vacate,

3

Petitioner summarily argued that he had not committed a violent crime "which would justify a conviction and sentence as an 'armed career criminal.'" (*Id.* at 7). A Magistrate Judge recommended denying the ACCA claim because Petitioner had procedurally defaulted the claim when he failed to raise it on appeal. (*Id.*, Doc. # 7 at 7-8). In addition, the Magistrate Judge recommended denying the ACCA claim on the merits because Petitioner did "not dispute that his criminal history included the requisite prior convictions." (*Id.* at 8). The court adopted the Magistrate Judge's recommendations and denied Petitioner's motion to vacate with prejudice. (*Id.*, Docs. # 9 & 10). In April 2010, the Eleventh Circuit denied Petitioner a certificate of appealability to contest the denial of his initial motion to vacate. (*Id.*, Doc. # 16).

In July 2016, following the Supreme Court's *Johnson* opinion, the Eleventh Circuit granted Petitioner leave to file a second or successive motion to vacate. (Criminal Docket, Doc. # 79). The Eleventh Circuit discussed at length the merits of Petitioner's ACCA challenge, and the additional inquiries that this court would need to conduct.

> It appears to us that Cook's conviction for first degree assault likely qualifies as a violent felony without regard to the ACCA's residual clause. In Alabama, one commits first degree assault by: (1) causing serious physical injury to any person by means of a deadly weapon or dangerous instrument (with intent to cause such injury); (2) causing serious and permanent disfigurement or destroying, amputating or permanently disabling a member or organ of any person (with intent to cause such injury); (3) causing serious physical injury to another person by recklessly engaging in conduct creating a grave risk of death to another person, under circumstances manifesting extreme indifference to the value of human life; or (4) causing serious physical injury to another person in the course of and in furtherance of the commission of certain enumerated crimes or while driving under the influence of alcohol or a controlled substance. Ala. Code § 13A-6-20. We think it likely that such a crime requiring the actual intentional infliction of "serious physical injury" to another may meet the ACCA's elements clause.
>
> However, we need not resolve that issue because Cook's 1970 conviction for assault with intent to murder and ravish, and his 1974 conviction for robbery, took place prior to Alabama's 1975 adoption of a criminal code, and it is not clear what the elements of those offenses are or whether those common law convictions qualify as violent felonies. It is also not clear whether the district court relied on

4

the residual clause or the other ACCA clauses not implicated by *Johnson*. At the time of his March 2005 sentencing hearing whether these two convictions or any of Cook's other felony convictions qualified as violent felonies within the statutory meaning is a matter we leave to the district court in the first instance.

It is important to note that our threshold determination that an applicant has made a *prima facie* showing that he has met the statutory criteria of § 2255(h), thus warranting our authorization to file a second or successive § 2255 motion, does not conclusively resolve that § 2255(h) requirement issue. *See* [*Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357 (11th Cir. 2007)] (involving the functionally equivalent § 2244(b)(2) successive application standard applicable to state prisoners). In *Jordan*, we emphasized that, once the prisoner files his authorized § 2255 motion in the district court, "the district court not only can, but must, determine for itself whether those [§ 2255(h)] requirements are met." *Id.* Notably, the statutory language of § 2244, which is cross-referenced in § 2255(h), expressly provides that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." *Id.* (quoting 28 U.S.C. § 2244(b)(4)). We rejected the assertion that the district court owes "some deference to a court of appeals' prima facie finding that the requirements have been met." *Id.* at 1357. We explained that, after the district court looks at the § 2255(h) requirements *de novo*, "[o]ur first hard look at whether the § [2255(h)] requirements actually have been met will come, if at all, on appeal from the district court's decision . . . ." *Id.* at 1358; *see also In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (reiterating that our threshold conclusion in granting a successive application that a *prima facie* showing has been made is necessarily a "limited determination," as the district court then must also decide "fresh" the issue of whether § 2255(h)'s criteria are met, and, if so, proceed to considering the merits of the § 2255 motion). Furthermore, the Supreme Court instructed in *Welch* that even if a defendant's prior conviction was counted under the residual clause, courts can now consider whether that conviction counted under another clause of the ACCA. *See* [*Welch v. United States*, 578 U.S. ___, ___, 136 S. Ct. 1257, 1268 (2016)]. . . .

The district court must decide whether or not Cook was sentenced under the residual clause in [2005], whether the new rule in *Johnson* is implicated as to Cook's third predicate conviction, and whether the § 2255(h) "applicant has established the [§ 2255(h)] statutory requirements for filing a second or successive motion." *In re Moss*, 703 F.3d at 1303. Only then should the district court "proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise." *Id.* . . .

We add one further thought, which is the same as what we said in *In re Moore*, Nos. 16-13993-J, 16-14361-J, manuscript op. at 6-8 (11th Cir. July 27, 2016). We grant this application because it is unclear whether the district court relied on the residual clause or other ACCA clauses in sentencing Cook, so Cook met his

burden of making out a *prima facie* case that he is entitled to file a successive § 2255 motion raising his *Johnson* claim. *Id.* at 6. There in the district court though, a movant has the burden of showing that he is entitled to relief in a § 2255 motion—not just a *prima facie* showing that he meets the requirements of § 2255(h)(2), but a showing of actual entitlement to relief on his *Johnson* claim. . . .

As explained in *Moore*, manuscript op. at 7, there are many reasons why one who files a collateral proceeding has the burden of proof and persuasion on all of the elements of his claim. Chief among them is the principle that "direct appeal is the primary avenue for review of a conviction or sentence. . . . When the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence." *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S. Ct. 3383, 3391-92 (1983); *see also Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002) ("A fundamental purpose for the [Antiterrorism and Effective Death Penalty Act] was to establish finality in post-conviction proceedings.") (citations omitted).

In other words, the district court cannot grant relief in a § 2255 proceeding unless the movant meets his burden of showing that he is entitled to relief, and in this context the movant cannot meet that burden unless he proves that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence. *Moore*, manuscript op. at 7. If the district court cannot determine whether the residual clause was used in sentencing and affected the final sentence—if the court cannot tell one way or the other—the district court must deny the § 2255 motion. *Id.* It must do so because the movant will have failed to carry his burden of showing all that is necessary to warrant § 2255 relief. *Id.* at 8.

(*Id.* at 4-8). In November 2016, Petitioner filed this motion to vacate.[1] (Habeas Docket, Doc. # 1).

## II.  Discussion

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

---

[1] Under § 2255, a motion to vacate based upon a newly recognized and retroactively applicable right must be filed within a year of "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The Supreme Court issued the *Johnson* opinion on June 26, 2015, and this motion to vacate was filed more than a year after *Johnson*'s issuance. Nevertheless, the court need not decide -- and does not decide -- whether Petitioner's motion to vacate is time-barred because Respondent has not sought dismissal of the petition on that ground. (*See generally* Habeas Docket, Doc. # 9).

6

maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well settled that "to obtain collateral relief[,] a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Here, Petitioner seeks relief on the ground that the court improperly enhanced his sentence under the ACCA through an application of the ACCA's residual clause.

In *Johnson*, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates the Fifth Amendment's due process clause because the residual clause is unconstitutionally vague. 135 S. Ct. at 2563. This ruling applies retroactively to cases on collateral review. *See Welch*, 136 S. Ct. at 1265. *Johnson* did not affect either the enumerated offenses clause or the elements clause of the ACCA. *See Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). *See also Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017) (noting that the enumerated offenses clause and the elements clause were not called into question by *Johnson*).

### A. Petitioner's *Johnson* Claim Fails Because He Has Not Established that the Court Used the Residual Clause to Impose His ACCA Enhancement

"To prove a *Johnson* claim, a movant must establish that his sentence enhancement 'turn[ed] on the validity of the residual clause.'" *Beeman*, 871 F.3d at 1221. A *Johnson* violation only occurs where the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause. *Id.* A movant relying on *Johnson* must show that it is "more likely than not" that the district court's use of the residual clause led it to apply an ACCA enhancement. *Id.* at 1221-22. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the

7

residual clause." *Id.* at 1222.  In this case, Petitioner's *Johnson* claim fails because there is no evidence (and, in fact, there is evidence to the contrary) that the court relied on the residual clause of the ACCA to enhance his sentence.

The record before the court shows that all three ACCA predicate felonies were classified as violent felonies under the elements clause.  In outlining his criminal history, Petitioner's PSR specified the violent felonies that justified its recommended ACCA enhancement.  (Criminal Docket, Doc. # 56 at ¶¶ 23, 28, 29, 33).  Specifically, the PSR indicated the clauses in § 924(e)(2)(B) under which each felony conviction was classified as a violent felony.  (*Id.* at ¶¶ 28, 29, 33).  The PSR classified all of the assault and robbery convictions as violent felonies under both the ACCA's elements clause and the residual clause.  (*Id.*) ("**This conviction meets the criteria for "violent felony" . . . because it is a crime punishable by imprisonment for a term exceeding one year, and it was committed on an occasion different from others, . . .; it has, as an element, the use, attempted use, or threatened use of physical force against the person of another; and it otherwise involves conduct that presented a serious potential risk of physical injury to another.**") (emphasis in original).  In other words, the PSR only utilized the residual clause as an alternative ground for classifying the assault and robbery convictions as violent felonies; it never utilized the residual clause as the sole ground for determining that a conviction qualified as a violent felony.  Petitioner's trial counsel did not object to the PSR's classifications of the felonies at sentencing.  Furthermore, nothing in the record indicates that this court classified any of Petitioner's prior convictions as a violent felony solely based on the residual clause.  Indeed, Petitioner's habeas counsel concedes that this court "apparently" classified the convictions as violent felonies under both the elements clause and the residual clause. (Habeas Docket, Doc. # 5 at 7, 13).

8

As the Eleventh Circuit held in *Beeman*, Petitioner bears the burden of proving that this court's use of the residual clause led it to enhance his sentence. *See* 871 F.3d at 1221-22. Petitioner argues that, despite the clear invocation of the elements clause in the PSR, he should receive habeas relief because, at most, only two of his convictions would qualify as ACCA violent felonies today. (*See* Habeas Docket, Doc. # 5 at 5-6). However, Petitioner has not offered any evidence showing that the court relied on the residual clause at sentencing when it enhanced Petitioner's sentence.[2]

### B. To the Extent Petitioner Challenges the Applicability of the Elements Clause to His Prior Convictions, His Claims Are Procedurally Barred

Petitioner's habeas counsel argues that his Alabama common-law robbery and Alabama first-degree assault convictions are not violent felonies under the ACCA's elements clause. (Habeas Docket, Doc. # 5 at 8-10, 15-18). The court need not explore whether these arguments hold merit because they do not present a *Johnson* claim. Because these arguments do not rest on a new rule of constitutional law made retroactive to cases on collateral review, Petitioner cannot raise them in this second or successive motion to vacate. 28 U.S.C. § 2255(h)(2). Moreover, Petitioner failed to raise these challenges to his ACCA sentence on direct appeal and, therefore,

---

[2] Even reviewing the record in Petitioner's favor, it cannot really be said that it is just as likely that this court relied on the elements clause as it relied on the residual clause. After all, the PSR classified all of the predicate offenses as violent felonies under the elements clause. Accordingly, Petitioner cannot meet his burden for securing habeas relief on such a record. *See Beeman*, 871 F.3d at 1222; *In re Moore*, 830 F.3d 1268, 1273 (11th Cir. 2016). *See also Levert v. United States*, No. 2:16-cv-8084-LSC, 2018 WL 656031, at *3-4 (N.D. Ala. Feb. 1, 2018) (denying a motion to vacate premised on *Johnson* where the petitioner's PSR relied on the elements clause and the residual clause to classify robbery convictions as ACCA predicate felonies, and the law at the time of sentencing classified the convictions as violent felonies under the elements clause).

As in *Beeman*, Petitioner's habeas counsel primarily relies on decisions issued after Petitioner's 2005 sentencing to argue that the robbery and assault convictions would only qualify as violent felonies under the residual clause. (*See* Habeas Docket, Doc. # 5 at 6-18). This case law "casts very light, if any," on the issue of whether the court applied the residual clause to classify one of Petitioner's convictions as a violent felony at his 2005 sentencing. *Beeman*, 871 F.3d at 1224 n. 5. Petitioner has not cited case law to show that "the law was clear at the time of sentencing that only the residual clause would authorize a finding" that one of Petitioner's assault or robbery convictions qualified as a violent felony. *Id.* Therefore, this case does not present that kind of circumstantial evidence for habeas relief under *Johnson*. *See id.*

has defaulted any claim based on the underlying findings of this court at sentencing. *See McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). Petitioner cannot use the Supreme Court's decision in *Johnson* to bring a claim that is not tied to the new right recognized in *Johnson*.[3]

### III. Conclusion

For the reasons explained above, the court concludes that Petitioner's Motion to Vacate (Habeas Docket, Doc. # 1) is due to be dismissed with prejudice. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this May 23, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[3] In the alternative, the limitations period for a statutory challenge to Petitioner's ACCA enhancement generally would begin to run on the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final in 2006; thus, any motion to vacate under § 2255(f)(1) is untimely. As discussed above, the court need not decide whether Petitioner's current motion is untimely because the Government has not sought dismissal on that ground.